## IN THE CIRCUIT COURT FOR THE FIRST JUDICIAL DISTRICT
## OF HINDS COUNTY, MISSISSIPPI

JAQUEZ BENNETT, JAKARIUS
BENNETT, AND SEMA'J BENNETT,
MINORS AND WRONGFUL DEATH
BENEFICIARIES OF JAMES T. BENNETT,
BY AND THROUGHTHEIR NATURAL
MOTHER ANDNEXT FRIEND, SHANICE
HARGRAVE; AND JAMILYAH BENNETT,
A MINOR AND WRONGFUL DEATH
BENEFICIARY OF JAMES T. BENNETT,
BY AND THROUGH HER NATURAL
MOTHER AND NEXT FRIEND,
APRIL MCNAIR                                                              **PLAINTIFFS**

VS.                                                          **CAUSE NO.: 18-601**

MONARCH INVESTMENT &
MANAGEMENT GROUP, LLC;
MIMG C WOODRIDGE SUB, LLC;
WE WOODRIDGE LLC; WE SOMERSET
LLC; MULTI-SOUTH MANAGEMENT
SERVICES, LLC; S & S MANAGEMENT, LLC;
S & S MANAGEMENT SERVICES;
and JOHN DOES 1-10                                                        **DEFENDANTS**

## SECOND AMENDED COMPLAINT

### JURY TRIAL REQUESTED

COMES NOW, the Plaintiffs, JAQUEZ BENNETT, JAKARIUS BENNETT, and

SEMA'J BENNETT, minors and wrongful death beneficiaries of James T. Bennett, by and

through their natural mother and next friend Shanice Hargrave; and JAMILYAH BENNETT, a

minor and wrongful death beneficiary of James T. Bennett, by and through her natural mother and

next friend, April McNair, by and through counsel, and files this their Second Amended Complaint

against named Defendants, as follows:

1.

1



Plaintiff, Jaquez Bennett, is a minor resident of Hinds County, Mississippi. At all times relevant to the instant cause of action, he maintains residency with his natural mother, Shanice Hargrave, who resides at 121 Laredo Drive, Clinton, Hinds County, Mississippi.

2.

Plaintiff, Jakarius Bennett, is a minor resident of Hinds County, Mississippi. At all times relevant to the instant cause of action, he maintains residency with his natural mother, Shanice Hargrave, who resides at 121 Laredo Drive, Clinton, Hinds County, Mississippi.

3.

. Plaintiff, Sema'j Bennett, is a minor resident of Hinds County, Mississippi. At all times relevant to the instant cause of action, he maintains residency with his natural mother, Shanice Hargrave, who resides at 121 Laredo Drive, Clinton, Hinds County, Mississippi.

4.

Plaintiff, Jamilyah Bennett, is a minor resident of Hinds County, Mississippi. At all times relevant to the instant cause of action, she maintains residency with her natural mother, April McNair, who resides at 116 Willow Brook Drive, Hinds County, Clinton, Mississippi.

5.

Defendant, Monarch Investment & Management Group, LLC, is a Limited Liability Company incorporated in the state of Colorado and doing business in the state of Mississippi, whose agent for service of process is C.T. Corporation System located at 645 Lakeland East Drive Ste 101, Flowood, Mississippi 39232.

6.

Defendant, MIMG C Woodridge Sub, LLC, is a Limited Liability Company incorporated in the state of Colorado and doing business in the state of Mississippi, whose agent for service of

process is C.T. Corporation System located at 645 Lakeland East Drive Ste 101, Flowood, Mississippi 39232.

7.

Defendant, WE Woodridge LLC, is a limited Liability Company incorporated in the state of Delaware who, at the time of incident complained of in this complaint, was doing business in the state of Mississippi, whose agent for service of process in Mississippi was C.T. Corporation System located at 645 Lakeland Drive East Dr., Ste 101, Flowood, MS 39232; whose registered agent for service of process in Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801; whose principal place of business is located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, and who has agreed to accept service of process through its attorney, Upshaw, Williams, Biggers, & Beckham, LLP, located at 713 South Pear Orchard, Suite 102, Ridgeland, MS 39157.

8.

Defendant, WE Somerset LLC, is a limited Liability Company incorporated in the state of Delaware who, at the time of incident complained of in this complaint, was doing business in the state of Mississippi, whose agent for service of process in Mississippi was C.T. Corporation System located at 645 Lakeland Drive East Dr., Ste 101, Flowood, MS 39232; whose registered agent for service of process in Delaware is The Corporation Trust Company located at Corporation Trust Center, 1209 Orange St., Wilmington, DE 19801; whose principal place of business is located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, and who can be served via its Manager, Shaul Kopelwitz, at 12 College Road, Monsey, NY 10952.

9.

Defendant, Multi-South Management Services, LLC, is a limited Liability Company

3

incorporated in the state of Tennessee and doing business in the state of Mississippi, whose agent

for service of process is C.T. Corporation System located at 645 Lakeland Drive East Dr., Ste 101,

Flowood, MS 39232, and whose principal place of business is located at 6075 Poplar Ave., #407,

Memphis, TN 38119.

## 10.

Defendant, S&S Management LLC, is a Limited Liability Company incorporated and

doing business in the state of Mississippi, whose agent for service of process is Steve Lewis

located at 1638 Suzanna Drive, Raymond, MS 39154.

## 11.

Defendant, S & S Management Services, is a General Partnership incorporated in the state

of Tennessee and doing business in the state of Mississippi, who has agreed to accept service of

process through its attorney, Upshaw, Williams, Biggers, & Beckham, LLP, located at 713 South

Pear Orchard, Suite 102, Ridgeland, MS 39157.

## 12.

John Does 1-10 are the persons or entities whose identities are not known at this time and

who at all pertinent times managed, supervised, operated, occupied, or controlled Woodridge

Apartments. John Does 1-10 also include those entities, corporations, partnerships, and individuals

whose names are presently unknown to Plaintiff and who have had any ownership interest in

Woodridge Apartments or played any role in the management of said Apartment Complex.

## 13.

This Court has jurisdiction of the parties and the subject matter of this action. Venue is

proper as this civil action arises out of negligent acts and omissions committed in Jackson, Hinds

County, Mississippi, and the cause of action occurred and accrued in Jackson, Hinds County,

Mississippi.

## FACTS

### 14.

The Plaintiffs adopt and herein incorporate by reference each and every allegation as set forth above.

### 15.

At all pertinent times to the matters alleged herein, Defendants owned, possessed, controlled, and/or managed Woodridge Apartments (hereinafter referred to as the "Apartment Complex"), including all common areas, located at the Woodridge Apartments, 1533 Raymond Road, Jackson, Hinds County, Mississippi 39204 and/or had the right(s) to control and/or manage the Apartment Complex, including all common areas.

### 16.

At all pertinent times, the Defendants owned, occupied, franchised, possessed, controlled, leased, managed, supervised, trained, screened, provided security services, acted as employee, acted as employer, acted as security guard, and/or acted as agent for the Apartment Complex located at 1533 Raymond Road, Jackson, Hinds County, Mississippi 39209.

### 17.

On December 12, 2015, James T. Bennett (deceased), was an invitee and lawfully on the premises of the Defendants' Apartment Complex located at 1533 Raymond Road, Jackson, Hinds County, Mississippi 39204.

### 18.

The Defendants, individually, jointly and severally, owed to and/or assumed for the benefit

of their tenants, and other invitees, including James T. Bennett, an ordinary duty of care, specifically, the duty of reasonable care to make the Apartment Complex and common areas reasonably safe and secure and to provide reasonable security measures to protect invitees, including, James Bennett, from criminal attacks which were and/or should have been reasonably foreseeable. Defendants also owed Plaintiff a duty to exercise reasonable care in property management and to warn all invitees, including James Bennett, of foreseeable harm.

19.

At all pertinent times, Defendants were in a superior position to appreciate such hazards and take necessary steps to prevent harm to all invitees, including James T. Bennett. Defendants knew or in the exercise of reasonable care should have known that no individual had it within their power to take the measures necessary to provide for their own safety and security inside the premises.

20.

On or about December 12, 2015, James T. Bennett, while backing out of a parking spot on Defendants' premises, was shot four times by an assailant and killed.

21.

At the time of the attack on James T. Bennett, Defendants had failed to fulfill their joint, several, and/or collective duties of ordinary, reasonable care relative to keeping their premises safe, including the common areas, for all invitees, including James T. Bennett. Defendants failed to take reasonable security precautions or measures for the Apartment Complex including the common areas and to take other such reasonable security precautions or measures to protect invitees from foreseeable harm and danger, including the harm suffered by James Bennett.

22.

Because of the negligence of the Defendants, James T. Bennett lost his life.

## CLAIMS FOR RELIEF

23.

Plaintiffs adopt and herein incorporate by reference each and every allegation as set forth above.

24.

Defendants individually, jointly and severally owed to and/or assumed for the benefit of tenants, their guests, and other invitees an ordinary duty of care, specifically, the duty to exercise reasonable care in hiring and retaining employees, property management supervision of employees and property access control.

25.

At the time of the attack on James T. Bennett, Defendants breached their non-delegable duty to the Plaintiff to exercise reasonable care for the safety and protection of its invitees, including James T. Bennett, and acted in a careless and negligent manner in various respects including, but not limited to the following acts:

(A)    Failing to have an adequate number of security guards/officers on the premises;

(B)    Failing to warn its invitees, including James T. Bennett, of the dangerous character and nature of the premises and the surrounding area, when Defendants knew or should have known that its premises constituted a dangerous and hazardous area for its tenants and invitees;

(C)    Failing to implement reasonable monitoring devices such as surveillance cameras on and around the premises;

(D)    Failing to implement or operate access control to the premises;

(E)    Failing to take reasonable measures that would guard against and otherwise deter

the conduct of criminal activity on its premises;

(F)   Failing to create and/or implement a reasonable security plan which would meet known industry standards and customs for safety for the premises.

26.

Defendants knew or should have known that reasonable security measures were needed for the Woodridge Apartment Complex and that the security measures provided were unreasonable and inadequate.

27.

James T. Bennett's shooting occurred as a result and proximate consequence of Defendants' negligence, breach of duty of care, and failure to warn of past and foreseeable criminal conduct.

28.

Contributing and/or proximate factors or causes of the shooting of James T. Bennett were the lack of security at the Woodridge Apartment Complex and common areas, the presence of strangers in and around the Apartment Complex and in the common areas, and known criminal activity in and around the Apartment Complex and in the common areas.

29.

Defendants' aforesaid actions, omissions, and conduct were done without just cause and in reckless, conscious and/or knowing disregard of Plaintiff James T. Bennett's life. Defendants were grossly negligent in engaging in the aforesaid actions, omissions, and conduct.

30.

As a proximate consequence and result of the aforesaid negligence and breach of duty of care by Defendants herein, Plaintiff, James T. Bennett, lost his life.

31.

Plaintiff seeks all damages allowed under Mississippi law. These damages include but may not be limited to physical and mental pain and suffering, past medical expenses, lost wages, and loss of life. Plaintiff demands actual, compensatory, incidental, and consequential damages in an amount in excess of this Court's jurisdictional minimum in the amount to be proven at trial, punitive damages, all costs and expenses, interest on such award as allowed by law and such other relief as the Court and the jury deem just.

## DAMAGES

32.

The Plaintiffs adopt and herein incorporates by reference each and every allegation as set forth above.

33.

The negligence and above alleged acts and/or omissions of the Defendants, were the sole proximate cause of the decedent, James T. Bennett's, death which resulted in pain and suffering, mental anguish, medical expenses, funeral expenses, loss of enjoyment of life, loss of support, and all other damages allowable under the Mississippi Wrongful Death Statute. Further, the negligence and above alleged acts or omissions of the Defendants were the sole proximate cause of the Plaintiff's losses which are loss of companionship, loss of society, loss of love, loss of services, loss of support and mental and emotional distress and anguish, loss of enjoyment of life, and Plaintiffs specifically plead for recovery of said damages for decedent and themselves. Additionally, the Plaintiffs seek recovery of the present net value of James T. Bennett's life expectancy.

34.

Specifically, as a result of the Defendants' conduct, the Plaintiffs have suffered the following damages:

(A)    emotional and mental anguish and suffering;

(B)    loss of enjoyment of life;

(C)    economic losses, wages, and benefits;

(D)    medical and related expenses;

(E)    funeral and burial expenses;

(F)    loss of retirement benefits;

(G)    attorneys' fees;

(H)    pre-judgment interest;

(I)    post-judgment interest;

(J)    all costs of court; and

(K)    all other damages recoverable under Mississippi law to be shown at the trial of this matter.

## PUNITIVE DAMAGES

35.

The Plaintiffs adopt and herein incorporates by reference each and every allegation as set forth above.

36.

The conduct of the Defendants was grossly negligent, intentional, and/or reckless and gives rise to punitive damages and the Plaintiffs specifically request the award of such punitive damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs, Shanice Hargrave and April

McNair, demand a trial by jury and judgment from Defendants, Monarch Investment & Management Group, LLC, MIMG C Woodridge Sub, LLC, WE Woodridge LLC, WE Somerset LLC, Multi-South Management Services, LLC, S & S Management, LLC, S & S Management Services, and John Does 1-10, jointly and severally, for actual, compensatory, consequential and incidental damages in an amount exceeding the jurisdictional minimal limits of this Court for compensatory damages and for punitive damages including all expenses and costs of this civil action, and such other general relief as the Court and the jury deems just.

RESPECTFULLY SUBMITTED, this the 20th day of December, 2018.

Respectfully Submitted,

PLAINTIFFS

BY: _____
JAMES E. PIGOTT

MORGAN & MORGAN, PLLC
Harry M. McCumber, Esq., MSB# 10632
Rocky Wilkins, Esq., MSB# 99707
James E. Pigott, Esq., MSB #105482
4450 Old Canton Road, Ste 200
Jackson, Mississippi 39211
T: (601) 718-0924
F: (601) 503-1608
E: HMcCumber@forthepeople.com